UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

08 JUN -2 AM 11:04

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, v. **1.) Jose Jesus SIERRA-Hernandez,** **2.) Miguel LOPEZ-Hernandez** Defendant(s) | Magistrate Case No. '08 MJ 1725 |
| | COMPLAINT FOR VIOLATION OF: Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii) Transportation of Illegal Aliens |
| | Title 8 U.S.C., Sec. 1324 (a)(2)(B)(iii) Bringing in Illegal Aliens Without Presentation |

The undersigned complainant, being duly sworn, states:

## COUNT ONE

On or about **May 29, 2008,** within the Southern District of California, defendant **Jose Jesus SIERRA-Hernandez** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Ruth Naveli VANZZINI-Angeles, Floriberto SILES-Villegas,** and **Victorino JUAREZ-Agudo** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

## COUNT TWO

On or about **May 29, 2008,** within the Southern District of California, defendant **Miguel LOPEZ-Hernandez**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Ruth Naveli VANZZINI-Angeles, Floriberto SILES-Villegas, Victorino JUAREZ-Agudo,** had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 2nd DAY OF **JUNE, 2008**

Leo S. Papas
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
**Jose Jesus SIERRA-Hernandez**
**Miguel LOPEZ-Hernandez**

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

Furthermore, the complainant states that **Ruth Naveli VANZZINI-Angeles, Floriberto SILES-Villegas, Victorino JUAREZ-Agudo,** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On May 29, 2008, United States Border Patrol Agents assigned to the East County Abatement Team were conducting anti-smuggling operations near Pine Valley, California. This area is located in a remote mountainous region approximately 8 miles east of the Tecate, California Port of Entry and 12 miles north of the United States-Mexico International Border.

At approximately 8:40 p.m., Border Patrol Agent Rivera, while traveling westbound on Interstate 8 in his unmarked agency vehicle near the Pine Valley Creek Bridge in Pine Valley, California, observed a white van turning around in the emergency turnout located immediately west of the Pine Valley Creek Bridge. Agent Rivera initiated surveillance on the vehicle traveling westbound from the Pine Valley Creek Bridge and alerted the East County Abatement Team.

As Agent Rivera continued surveillance, the Chevrolet van pulled to the shoulder of the Interstate approximately one mile east of the Highway 79/Interstate 8 intersection. A few minutes later, Agents Dinise and Blanchard observed the same Chevrolet van traveling westbound on Interstate 8. Both Agents now observed that the full sized Chevrolet van, despite its great cargo capacity, noticeably bounced as it passed over bumps. Border Patrol Agents N. Aoude and V. Aguilar, driving an unmarked Agency vehicle passed the Chevrolet van in order to see the occupants of the front seats and the driver. Agent Aoude and Aguilar observed a Hispanic male wearing a brownish/orange hooded sweatshirt in the passenger seat.

Border Patrol Agent G. Kessinger in a marked Agency sedan, equipped with a full set of emergency lights and an audible siren, attempted a vehicle stop on the white Chevrolet van on Interstate 8 near the Dunbar Lane Exit in Lakeside, California. The driver of the Chevrolet did not yield and continued to travel westbound on the Interstate for approximately one-quarter of a mile. The Chevrolet van met heavy traffic and attempted to circumvent westbound traffic on the Interstate by driving onto the median. The Chevrolet crashed into heavy brush and a shallow ditch located in the median.

Border Patrol Agents immediately surrounded the vehicle as individuals attempted to flee out the passenger-side door. Agents Rivera, Blanchard, Kessinger and Dinise detained two individuals attempting to exit the vehicle from the front passenger-side door; one of which was a male Hispanic wearing a brownish/orange hooded sweatshirt. Agent Aoude and Aguilar confirmed that the individual detained, later identified as defendant **Miguel LOPEZ-Hernandez,** was indeed the individual who had been seated in the front passenger seat. Agent Blanchard observed that the front driver's side door of the Chevrolet never opened following the Chevrolet's stop and that the only individuals that exited the van were the two subjects immediately detained from the passenger door.

**CONTINUATION OF COMPLAINT:**
**Jose Jesus SIERRA-Hernandez**
**Miguel LOPEZ-Hernandez**

Agents Rivera, Blanchard, Aoude, Aguilar, Kessinger and Dinise approached the Chevrolet van and identified themselves as United States Border Patrol Agents. Within the cargo space of the Chevrolet van, Agents observed twenty individuals lying down on top of one another. Agent Aguilar and Rivera questioned all twenty-two individuals, including the other defendant **Jose Jesus SIERRA-Hernandez and LOPEZ,** from the van as to their citizenship, and all twenty-two individuals claimed to be citizens and nationals of Mexico. Furthermore, all twenty-two aliens claimed to not be in possessions of proper immigration documentation that would enable them to enter or remain in the United States legally. All twenty-two illegal aliens under placed under arrest and transported them to the El Cajon Border Patrol Station for processing.

**DEFENDANT STATEMENT: Jose Jesus SIERRA-Hernandez**

**Jose Jesus SIERRA-Hernandez** was advised of his Miranda Rights. He stated he understood and agreed to provide a statement without the presence or aid of an attorney. SIERRA stated that he is a Mexican citizen without any immigration documents that would allow him to legally enter or remain in The United States.

SIERRA entered the United States illegally by jumping over a barbed wire fence, near Tecate, Baja California. There were approximately 20 illegal aliens in the group. SIERRA had attempted to make monetary arrangements with a smuggler in Tijuana, Baja California to cross into the United States illegally. The smuggler was going to charge SIERRA a smuggling fee of $1,800 to bring him to the United States illegally, and transport him to San Diego. SIERRA did not have enough money to pay a smuggling fee so he agreed to help bring illegal aliens into the United States. SIERRA's role consisted of helping illegal aliens cross the border, helping illegal aliens along the trip, making sure no illegal aliens stayed behind, and keeping watch to make sure they were not detected by Border Patrol Agents.

Once the group of illegal aliens crossed the United States/Mexico International Boundary, they were walking for a day and a half. The group arrived to a location on the side of the freeway, and the foot guide told them to wait there until a vehicle pulled up. The foot guide instructed SIERRA to drive. SIERRA drove the vehicle with the illegal aliens and was supposed to follow a white sedan to their destination. When SIERRA saw the patrol vehicle's lights and heard the siren, he did not stop because he was afraid of being caught.

**DEFENDANT STATEMENT: Miguel LOPEZ-Hernandez**

**Miguel LOPEZ-Hernandez** was advised of his Miranda Rights. He stated he understood and agreed to provide a statement without the presence or aid of an attorney. LOPEZ stated that he is a Mexican citizen without any immigration documents that would allow him to legally enter or remain in the United States.

LOPEZ initially claimed that his brother had made arrangements with a smuggler, so that LOPEZ would be brought illegally into the United States, and transported to Los Angeles, California, for a fee of $2,000. When confronted with evidence of his involvement in this smuggling event, LOPEZ admitted that he was in fact involved.

**CONTINUATION OF COMPLAINT:**
**Jose Jesus SIERRA-Hernandez**
**Miguel LOPEZ-Hernandez**

LOPEZ stated that he agreed to help the foot guide for a $1,000 reduction in his smuggling fee. LOPEZ stated that his role was to erase the illegal aliens' footprints by using a blanket, act as a lookout, and stay with the illegal aliens whenever the foot guide needed to separate from the group. When confronted with the fact that he shared a last name, and the same small town place of birth, with the admitted driver and foot guide, LOPEZ stated that the driver and foot guide was in fact his second cousin.

**MATERIAL WITNESSES STATEMENTS:**

Material witnesses **Ruth Naveli VANZZINI-Angeles, Floriberto SILES-Villegas,** and **Victorino JUAREZ-Agudo** agree in summary that they are citizens and nationals of Mexico illegally present in the United States. They admit to entering the United States illegally. The material witnesses stated that they were or someone was going to fee for them, to be smuggled into the United States.

**Executed on May 31, 2008 at 9:00 a.m.**

Carlos R. Chavez
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 3 page(s), I find probable cause to believe that the defendants named in this probable cause statement committed the offense on **May 29, 2008,** in violation of Title **8**, United States Code, Section **1324**.

Leo S. Papas
United States Magistrate Judge

5/31/08-1133
Date/Time